# 25 - 779

## United States Court of Appeals

### FOR THE SECOND CIRCUIT

TANYSHA NEWMAN, individually and on behalf of all others similarly situated,

*Plaintiff-Respondent*,

v.

BAYER CORPORATION and BAYER HEALTHCARE LLC,

*Defendants-Petitioners.*

FROM AN ORDER GRANTING CLASS CERTIFICATION ENTERED
BY THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
CASE NO. 7:22-CV-7087-KMK-AEK
THE HONORABLE KENNETH M. KARAS

**NEWMAN'S OPPOSITION AND RESPONSE TO PETITIONERS' LEAVE
TO FILE A REPLY IN FURTHER SUPPORT OF THEIR 23(f) PEITITON**

**BURSOR & FISHER, P.A.**
Max S. Roberts
Caroline C. Donovan
1330 Ave. of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
E-mail:  mroberts@bursor.com
           cdonovan@bursor.com

**BURSOR & FISHER, P.A.**
L. Timothy Fisher
1990 N. California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
E-mail: ltfisher@bursor.com

*Class Counsel and Attorneys for Plaintiff-Respondent*

## <u>TABLE OF CONTENTS</u>

**PAGE**

ARGUMENT ...................................................................................................1

I. BAYER'S MOTION TO FILE A REPLY BRIEF MUST BE DENIED BECAUSE THE FEDERAL RULES OF APPELLATE PROCEDURE DO NOT PERMIT REPLY BRIEFS IN SUPPORT OF 23(F) PETITIONS ...........................................................................................1

II. IF THE COURT GRANTS BAYER'S MOTION TO FILE A REPLY BRIEF, THE COURT SHOULD CONSIDER NEWMAN'S BRIEF ARGUMENTS IN RESPONSE .................................................................3

CONCLUSION ............................................................................................10

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT..................12

CERTIFICATE OF SERVICE .................................................................13

i

## <u>TABLE OF AUTHORITIES</u>

**PAGE(S)**

**CASES**

*Amgen Inc. v. Connecticut Retirement Plans and Trust Funds,*
  568 U.S. 455 (2013) ............................................................................. 5, 6

*Brown v. City of New York,*
  862 F.3d 182 (2d Cir. 2017)................................................................. 7, 8

*Bustamante v. KIND, LLC,*
  100 F.4th 419 (2d Cir. 2024)................................................................... 4

*Carr v. Becerra,*
  2023 WL 1280172 (D. Conn. Jan. 31, 2023)......................................... 5

*Coe v. Town of Blooming Grove,*
  429 F. App'x 55 (2d Cir. 2011) .............................................................. 7

*Curtis v. Aetna Life Ins. Co.,*
  648 F. Supp. 3d 358 (D. Conn. 2023)..................................................... 5

*Denney v. Deutsche Bank AG,*
  443 F.3d 253 (2d Cir. 2006)............................................................ 5, 6, 9

*Ebin v. Kangadis Food Inc.,*
  297 F.R.D. 561 (S.D.N.Y. 2014) ............................................................ 9

*Goldemberg v. Johnson & Johnson Consumer Companies, Inc.,*
  317 F.R.D. 374 (S.D.N.Y. 2016) ............................................................ 3

*Hyland v. Navient Corp.,*
  48 F.4th 110 (2d Cir. 2022)............................................................ 5, 6, 10

*Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit,*
  507 U.S. 163 (1993) ................................................................................ 2

*Montera v. Premier Nutrition Corp.,*
  111 F.4th 1018 (9th Cir. 2024) ............................................................... 6

*Rentas v. Ruffin,*
  816 F.3d 214 (2d Cir. 2016).................................................................... 7

*Schultea v. Wood*,
   47 F.3d 1427 (5th Cir. 1995)............................................................... 2

*Tershakovec v. Ford Motor Co.*,
   79 F.4th 1299 (11th Cir. 2023) ......................................................... 7

*Yee Ting Lau v. Pret A Manger (USA) Ltd.*,
   2018 WL 4682014 (S.D.N.Y. Sept. 28, 2018)................................... 9

**RULES**

Fed. R. App. P. 5 ................................................................... 1, 2, 12

Fed. R. App. P. 27 ...................................................................... 1, 2

Fed. R. App. P. 28 .......................................................................... 2

Fed. R. App. P. 32 ........................................................................ 12

Fed. R. Civ. P. 8(a) ........................................................................ 2

Fed. R. Civ. P. 9(b) ........................................................................ 2

Fed. R. Civ. P. 23(f) ....................................................................... 1

Pursuant to Federal Rule of Appellate Procedure 27(a)(3), Plaintiff-Respondent Tanysha Newman ("Plaintiff") opposes Defendants-Petitioners Bayer Corporation and Bayer Healthcare LLC's ("Bayer") Motion for Leave to File Reply in Support of Petition for Permission to Appeal Class Certification Decision Pursuant to Federal Rule of Civil Procedure 23(f) ("Reply").

## ARGUMENT

### I. BAYER'S MOTION TO FILE A REPLY BRIEF MUST BE DENIED BECAUSE THE FEDERAL RULES OF APPELLATE PROCEDURE DO NOT PERMIT REPLY BRIEFS IN SUPPORT OF 23(F) PETITIONS

Bayer's argument that they should be permitted to file an extra brief in support of their initial Federal Rule of Civil Procedure 23(f) Petition ("Pet.") is unconvincing. While the Second Circuit has granted leave for reply in relation to 23(f) petitions, it is not automatic.

Both the Federal Rules of Appellate Procedure and this Court's local rules are silent on the filing of a reply brief in support of an interlocutory Rule 23(f) petition. This silence is not an indication on the permissive nature of a reply brief, as the directive is clear: the petitioner files its petition, and the respondent files its answer to that petition. *See* Fed. R. App. P. 5(a)(1), (b)(2). Beyond those two rules, Fed. R. App. P. 5 provides for no additional briefing. *See* Fed. R. App. P. 5(b)(3) ("[t]he *petition* and *answer* will be submitted without oral argument") (emphasis added).

1

Basic principles of statutory construction make clear a reply brief is not permitted in this instance. Other Federal Rules of Appellate Procedure highlight a basic interpretive canon, for when the appellate procedural rules do allow reply briefs, that allowance is spelled out. *See*, *e.g.*, Fed. R. App. P. 27(a)(4) ("Any reply to a response must be filed within 7 days after service of the response."); *see also* Fed. R. App. P. 28(c) ("The appellant may file a brief in reply to the appellee's brief."); *see also* Fed. R. App. P. 27(d)(2)(D) ("[A] … reply to a response must not exceed 10 pages.").

Under the canon of *expressio unius est exclusio alterius*, the absence of a similar allowance within Fed. R. App. P. 5 is strong evidence that no reply briefs are contemplated under that permissive-appeal procedural rule. *See, e.g., Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993) (applying expressio unius canon of construction to Fed. R. Civ. P. 9(b)); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995) (applying *expressio unius* canon to Fed. R. Civ. P. 8(a)).

Given both this Court's and the federal rules' failure to provide for any "replies" on a petition for interlocutory appeal, Bayer's Motion for an unauthorized additional brief should be denied. This is compounded by the fact that the Parties have briefed these issues multiple times now—in front of the District Court and in their moving and opposition briefs before this Court—and further briefing will only

lead to repetition and an unnecessary use of judicial resources. Thus, Newman urges the Court to disregard Bayer's proffered Reply in considering their Petition for permission to appeal.

## II. IF THE COURT GRANTS BAYER'S MOTION TO FILE A REPLY BRIEF, THE COURT SHOULD CONSIDER NEWMAN'S BRIEF ARGUMENTS IN RESPONSE

The majority of Bayer's Reply repeats and repackages the same arguments made in Defendants' initial Petition, which further provides the Court with reason to deny the Motion. In any event, Bayer's arguments still fail.

*First*, Bayer again raises the strawman argument that the "district court certified a 72.9% uninjured damages class." Reply at 7. This is a mischaracterization of the District Court's Order. The District Court did not find 72.9% of Class Members were uninjured. Instead, the District Court held the question of whether Class Members were deceived by Bayer's misrepresentations and whether Class Members were injured as a result of that deception (*e.g.*, by overpaying for the product) were common questions. *See* ADD-24 ("Plaintiff is not required to prove injury, but rather must demonstrate that class-wide questions predominate."). And, the District Court found Newman had standing. *See* ADD-18. Thus, questions of whether these common questions were resolved favorably on the merits for the Class were "more appropriate for summary judgment as opposed to class certification." ADD-21 n.2; *see also Goldemberg v. Johnson & Johnson*

3

*Consumer Companies, Inc.*, 317 F.R.D. 374, 392 (S.D.N.Y. 2016) ("There is nothing to suggest at this time that questions of reliance or causation are 'atomized' for the remaining potential class members … The continued viability of these inferences will hinge on the answer to the common question of materiality.").

Bayer also continues to mischaracterize the evidence before the District Court. Newman submitted surveys conducted by Bayer that found ███████████████ ████████████████████████████████████████████████ And ultimately, these surveys go to whether the objective reasonable consumer standard is met. Of course, the District Court will weigh these surveys—including Bayer's contention that internal surveys it conducted are somehow not reliable (Reply at 13 n.7)—and determine whether "a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *See Bustamante v. KIND, LLC*, 100 F.4th 419, 426 (2d Cir. 2024) (cleaned up); *see also* ADD-25–26 ("Defendants may, of course, challenge the model and related expert testimony at summary judgment and through cross-examination, presentation of contrary evidence, and expert testimony at trial."). Suffice it to say, Bayer is wrong that 72.9% of the Class was uninjured.

Regardless, each of these questions are common to all Class Members, and the District Court did not certify a majority-uninjured Class. The District Court appropriately reserved the answers to these common questions for summary

4

judgment, directly in line with *Denney v. Deutsche Bank AG*, 443 F.3d 253, 263 (2d Cir. 2006) and *Hyland v. Navient Corp.*, 48 F.4th 110 (2d Cir. 2022). Bayer's persistence that confusion exists in this Court is not only mistaken, it contradicts Supreme Court precedent as well. *Amgen Inc. v. Connecticut Retirement Plans and Trust Funds*, 568 U.S. 455, 460 (2013).

Bayer's newly cited authority is not to the contrary. For example, in *Curtis v. Aetna Life Ins. Co.*, 648 F. Supp. 3d 358 (D. Conn. 2023), the court explained Second Circuit precedent on class standing, stating "named plaintiff's litigation incentives are sufficiently aligned with those of the absent class members, such that the named plaintiff may properly assert claims on their behalf, *when the proof the named plaintiff develops for his or her individual claims also tends to prove the class claims*." *Id.* at 368 (emphasis added; internal citations omitted). Similarly, in *Carr v. Becerra*, 2023 WL 1280172, at *9 (D. Conn. Jan. 31, 2023), the court rejected the class standing because "the proposed class [] also encompasses persons affected by other subsections of the regulation who are not, in any way, represented by the named plaintiffs." Both of these cases highlight the obvious: when a plaintiff has standing, and the questions and proof required for the plaintiff's claims are the same as the class members' claims, the class has standing at the class certification stage. This is precisely what the District Court held.

5

*Second*, Bayer's contention that Newman "does not—and could not—defend the district court's decision on its merits" is meritless. Reply at 8. For example, Bayer argues Newman did not defend the District Court's decision "declining to address standing until summary judgment." Reply at 8 (cleaned up). This is a mischaracterization of the District Court's Order. The District Court found that Bayer's "argument sound[ed] more as challenging predominance" (ADD-21), which the District Court found was met given the uniformity of Bayer's representations, the objective standards governing GBL claims, and Newman's plausible damages theory. ADD-23–25. Conversely, the District Court found that *resolving* these questions on the merits "is more appropriate for summary judgment." ADD-21 n.2; *see also* ADD-24 ("Plaintiff is not required to prove injury, but rather must demonstrate that class-wide questions predominate.").

Newman spent a significant portion of her Opposition Brief defending this decision as consistent with Supreme Court and Second Circuit precedent. *See* Dkt No. 28.1 at 7-8, 11 (citing *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 461 (2013); *Denney v. Deutsche Bank AG*, 443 F.3d 253, 263 (2d Cir. 2006); *Hyland v. Navient Corp.*, 48 F.4th 110 (2d Cir. 2022)). Newman also invoked decisions by this Court's sister circuits in defending the District Court's analysis. Dkt No. 28.1 at 15-17 (citing *Montera v. Premier Nutrition Corp.*, 111 F.4th 1018

6

(9th Cir. 2024); *Tershakovec v. Ford Motor Co.*, 79 F.4th 1299, 1310-11 (11th Cir. 2023)).

Because Newman did defend the District Court's Order, Bayer's authorities are inapposite. As an initial matter, each decision cited by Bayer was a ruling on summary judgment, which involves a different standard of review and was an automatic appeal as of right (as opposed to a discretionary remedy here that is rarely applied). Further, in *Rentas v. Ruffin*, 816 F.3d 214 (2d Cir. 2016), the defendant did not defend the lower court's determination because the defendant had admittedly offered evidence up for a different purpose than the lower court had found. *Id.* ("[T]he defendants do not defend the District Court's assertion that the reports were inadmissible hearsay … since Rentas did not offer the reports to prove the truth of the matter asserted within them, but rather claimed that the reports were false.") (cleaned up). Thus, the Court did not side with the appellee simply because the appellant did not defend the lower court's order, but rather because the Court found it was not possible to defend the lower court's decision. That is night and day from the facts here, where Newman proffered the same legal and factual arguments as the District Court. Likewise, in *Coe v. Town of Blooming Grove*, 429 F. App'x 55, 58 (2d Cir. 2011), "Coe d[id] not defend the District Court's invalidation of the liability insurance requirement," whereas Newman did defend the District Court's decision per the above. Last, *Brown v. City of New York*, 862 F.3d 182, 188 (2d Cir. 2017),

concerned a party who failed to raise (and therefore, waived) various arguments. This, again, is very different from Bayer's misreading of Newman's arguments, which thoroughly defend the District Court's decision.

*Third*, Bayer takes issue with Newman's reference to the fraud on the market doctrine. Reply at 10-11. Specifically, Bayer states the doctrine is "not an exception to Article III." *Id.* However, *Goldemberg* is again directly on point. In addressing whether "reliance and causation [are] class-wide or individual questions," the court stated:

> Defendant rehashes the reliance and causation arguments by arguing the model must "isolate the price premium associated with misleading consumers *in [the] particular fashion*" alleged in the complaint—*i.e.* the damages associated with those that were, in fact, misled. Defendant seems to argue that the inference of reliance cannot apply to consumer actions at the damages phase, instead applying only in securities cases where markets are "efficient."
>
> …
>
> Here, the efficiency of the market is irrelevant because there is no difficulty connecting the alleged misstatements to the price of the good. Allegedly, the producer of the goods engaged in deceptive marketing practices and set the price of the products accordingly. Thus, if the deception was material, then the statutes in this case provide for reliance on those statements to be presumed.

*Id.* Thus, even if each individual Class member did not rely on Bayer's statements— which GBL § 349 does not require—if the District Court determines that a

reasonable consumer would, then it is inferred that that is reflected in the price and therefore each Class member was injured by paying more for the product. *See Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561, 568 (S.D.N.Y. 2014) ("even if a class member actively wanted to buy pomace instead of 100% pure olive oil, they nevertheless paid too much for it" when they bought the deceptively labeled product). This makes clear that the lower court's decision was not "questionable." *See* ADD-25 (citing *Yee Ting Lau v. Pret A Manger (USA) Ltd.*, 2018 WL 4682014, at *4, *4 n.45 (S.D.N.Y. Sept. 28, 2018) (describing the benefit of the bargain damages theory as "a less strict formulation alleging that defendants' deceptive practices allowed them to charge a higher price than they otherwise could have for a certain product will suffice" under GBL § 349)).

*Last*, Bayer assured the Court that in granting their Petition, the Court will have "the benefit of *Laboratory Corp*." Reply at 7. As this Court has been made aware, however, the Supreme Court dismissed the writ of certiorari in *Laboratory Corp*. as improvidently granted. Dkt. No. 36.1. Thus, Second Circuit law remains unchanged—and goes directly against Bayer's position. Specifically, this Court held nearly twenty years ago that this Circuit does "not require that each member of a class submit evidence of personal standing." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 263 (2d Cir. 2006). And just three years ago, this Court reaffirmed the holding in *Denney* that Bayer urges this Court to reject: "we acknowledged in *Denney* that

once it is ascertained that there is a named plaintiff with the requisite standing, there is no requirement that the members of the class also proffer such evidence." *Hyland v. Navient Corp.*, 48 F.4th 118 n.1 (2d Cir. 2022). Bayer is effectively asking the Court to adopt Justice Kavanaugh's dissent from *Laboratory Corp.*, which this Court has rejected and not one other Supreme Court justice signed on to.

Thus, Bayer has failed to meet the high burden required for this Court to grant Bayer's 23(f) Petition.

## <u>CONCLUSION</u>

For the foregoing reasons, and the reasons set forth in Newman's Opposition to Defendants' 23(f) Petition, Newman respectfully requests that this Court deny Bayer's Motion to File A Reply Brief and Bayer's 23(f) Petition.

Dated: July 2, 2025

Respectfully submitted,

By: */s/ Max S. Roberts*
      Max S. Roberts

**BURSOR & FISHER, P.A.**
Max S. Roberts
Caroline C. Donovan
1330 Avenue of the Americas
New York, NY 10019
Telephone: (646) 837-7150
E-mail: mroberts@bursor.com
        cdonovan@bursor.com

**BURSOR & FISHER, P.A.**
L. Timothy Fisher
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596

Telephone: (925) 300-4455
E-mail: ltfisher@bursor.com

*Class Counsel and Attorneys
for Plaintiff-Respondent*

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT</u>

This brief complies with the type-volume limitation of Fed. R. App. P. 5(c) because it contains 2,297 words, excluding the parts of the petition exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: July 2, 2025

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ Max S. Roberts*
     Max S. Roberts

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on July 2, 2025, I filed the foregoing document on this Court's

ACMS, resulting in service to the following persons on the Court's ECF service list:

**LEHOTSKY KELLER COHN LLP**
Jonathan F. Cohn
Shannon Grammel Denmark
Jacob B. Richards
200 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (512) 593-8350
E-mail: jon@lkcfirm.com
        shannon@lkcfirm.com
        jacob@lkcfirm.com

**LEHOTSKY KELLER COHN LLP**
Alexis Swartz
408 W. 11th Street, 5th Floor
Austin, TX 78701
Telephone: (913.687.9185)
E-mail: alexis@lkcfirm.com

*Attorneys for Defendants-Petitioners*

**SCHAERR JAFFE LLP**
Donald Falk
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 562-4942
E-mail: dfalk@schaerr-jaffe.com

**SCHAERR JAFFE LLP**
Gene C. Schaerr
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
E-mail: gschaerr@schaerr-jaffe.com

**U.S. CHAMBER LITIGATION CENTER**
Jennifer B. Dickey
Kevin R. Palmer
1615 H Street, NW
Washington, DC 20062
Telephone: (202) 659-6000
jdickey@uschamber.com
kpalmer@uschamber.com

*Attorneys for Amicus Curiae*

I declare under penalty of perjury under the laws of the United States, the State

of New York, and the State of New Jersey that the above is true and correct. Executed

on July 2, 2025 in New York, New York.

By: */s/ Max S. Roberts*
    Max S. Roberts

13